**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1742

A&N ELECTRIC COOPERATIVE,

Plaintiff - Appellant,

v.

DIETZEL ENTERPRISES, INC.; ALLSTATE TOWER, INC.,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, Senior District Judge. (2:23-cv-00576-RAJ-DEM)

Argued: September 11, 2025                    Decided: October 9, 2025

Before HEYTENS, BENJAMIN and BERNER, Circuit Judges.

Question certified to the Supreme Court of Virginia by published order. Judge Berner directed entry of the order with the concurrences of Judge Heytens and Judge Benjamin.

**ARGUED:** Gibson Sinclair Wright, MCCANDLISH HOLTON, PC, Richmond, Virginia, for Appellant. Julie Smith Palmer, HARMAN CLAYTOR CORRIGAN & WELLMAN, Glen Allen, Virginia; James Leslie Hoyle, KALBAUGH, PFUND & MESSERSMITH, P.C., Richmond, Virginia, for Appellees. **ON BRIEF:** John R. Owen, Leanna C. Minix, Imani E. Sowell, HARMAN CLAYTOR CORRIGAN WELLMAN, Glen Allen, Virginia, for Appellee Allstate Tower, Inc. David L. Dayton, KALBAUGH, PFUND & MESSERSMITH, P.C., Norfolk, Virginia, for Appellee Dietzel Enterprises, Inc.

---

## ORDER

---

BERNER, Circuit Judge:

The United States Court of Appeals for the Fourth Circuit, exercising the privilege afforded it by the Supreme Court of Virginia through its Rule 5:40 to certify to it questions of law when a question of Virginia law is determinative in a pending action and there is no controlling Virginia precedent on point, requests the Supreme Court of Virginia to exercise its discretion to answer two questions detailed in this Order of Certification.

## I.

### Nature of the Controversy

This case concerns the death of a worker who was electrocuted when he walked into a high voltage power line while repairing a radio tower. Plaintiff-Appellant A&N Electric Cooperative (A&N), the owner of the power line, settled a claim for wrongful death with the worker's estate and now seeks indemnity from the entities responsible for the work near the lines: Defendant-Appellees Allstate Tower, Inc. (Allstate) and Dietzel Enterprises, Inc. (Dietzel). A&N's claim is brought under, and turns entirely on, the meaning of two provisions of the Virginia Overhead High Voltage Line Safety Act (the Act), Va. Code Ann. § 59.1-406 *et seq*.

### A. Statutory Background

Virginia enacted the Act "to promote the safety and protection of persons engaged in work or activity in the vicinity of overhead high voltage lines." Va. Code Ann.

2

§ 59.1-406. The Act specifies the conditions under which individuals may work on or near overhead high voltage power lines that transmit electrical energy across the power grid. *Id.*

The Act forbids any person from working within ten feet of any overhead high voltage line unless certain safety measures are taken.[1] *Id.* § 59.1-408. If a person wishes to work "in closer proximity" to an overhead high voltage line, "the person responsible for the work" must notify the "owner or operator" of the line to arrange safety precautions. *Id.* § 59.1-410(A). The Act includes an indemnification provision which specifies that any person who fails to comply with these requirements must "indemnify the owner or operator" of the line "against all claims . . . directly resulting from [the] work" done in violation of the Act, "together with attorneys' fees and other costs incurred in defending against any such claims." *Id.* § 59.1-414(B).

The Act also includes an exemption, which specifies that:

> [The Act] shall not apply to the construction, reconstruction, operation, and maintenance of overhead electrical or communication circuits or conductors and their supporting structures and associated equipment of (i) rail transportation systems, (ii) electrical generating, transmission or distribution systems, (iii) communication systems, including cable television, or (iv) any other publicly or privately owned system provided that such work on any of the foregoing systems is performed by the employees of the owner or operator of the systems or independent contractors engaged on behalf of the owner or operator of the system to perform the work.

*Id.* § 59.1-413.

This case turns on interpretation of these exemption and indemnification provisions.

---

[1] Under the Act, "'person' means natural person, firm, business association, company, partnership, corporation or other legal entity." Va. Code Ann. § 59.1-407.

## B. Factual & Procedural History

Accomack County, Virginia, owns a radio communications tower. The County hired an engineering firm to assess the structural integrity of the tower and the firm recommended that the County install three new guy wires. A guy wire is a tensioned cable used to stabilize a structure. One of the proposed new guy wires was located close to several overhead high voltage power lines that are owned and operated by A&N.

The County adopted the firm's recommendation and hired Allstate to perform the construction work. Allstate then subcontracted with Dietzel to build foundations for the new guy wires. Neither Allstate nor Dietzel provided notice to A&N of their intention to carry out work within ten feet of its overhead high voltage power lines.

Tragically, while working on the radio tower, a Dietzel employee was fatally electrocuted when he walked into one of A&N's overhead high voltage power lines. The power line did not serve the radio tower on which the employee was working, and his crew did not work directly on any overhead power lines.

The worker's estate filed suit for wrongful death in Virginia state court against A&N, Allstate, Dietzel, and the engineering firm that the County hired. The state court dismissed Dietzel from the suit pursuant to the exclusivity provision of the Virginia Worker's Compensation Act, Va. Code Ann. § 65.2-307, and Allstate settled before the case went to trial. The case proceeded to trial against the engineering firm and A&N, however shortly before closing arguments, A&N settled for $800,000.

4

A&N then filed this lawsuit in the U.S. District Court for the Eastern District of Virginia, seeking indemnity from Dietzel and Allstate pursuant to the Act.[2] A&N contends that Dietzel and Allstate are responsible for the full settlement amount as well as A&N's attorneys' fees and the costs it expended in connection with the state court litigation.

Allstate filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the work performed at the time of the incident was exempt from the Act, and, as a result, the indemnity provision does not apply. It also argued that, to state a claim for indemnity, A&N had to allege that it was found liable in the underlying litigation and that is impossible here because A&N settled with the worker's estate prior to the conclusion of trial. Dietzel filed a separate motion to dismiss raising the same arguments.

The district court dismissed the case. It found that the Act's exemption applied and as a result Dietzel and Allstate were under no obligation to indemnify A&N. More specifically, the district court concluded that the activities the Dietzel employee was engaged in at the time of the incident were properly categorized as "construction . . . of overhead electrical or communications circuits or conductors . . . of . . . (iii) communication systems," or "(iv) any other publicly . . . owned system," and "that such work . . . [was] performed by . . . independent contractors engaged on behalf of the owner or operator of the system to perform the work." A&N timely appealed the ruling of the district court.

---

[2] This suit is brought by Federated—A&N's insurer—in A&N's name.

5

## II.

## The Questions of Law to be Answered

To resolve this case, we are called upon to interpret two provisions of a Virginia statute. Faced with two purely legal questions for which there is no controlling precedent of the Supreme Court of Virginia or the Virginia Courts of Appeals, we conclude it is appropriate to certify the questions to the Supreme Court of Virginia:

(1)    Does the exemption provision of the Act, Va. Code Ann. § 59.1-413, apply to the conduct alleged in the complaint?

(2)    Does the indemnification provision of the Act, Va. Code Ann. § 59.1 414(B), require a finding of liability against the indemnitee?

We recognize that the Supreme Court of Virginia may restate these questions as it sees fit. *See* Va. Sup. Ct. R. 5:40(d).

## III.

## The Proposed Questions Determine This Proceeding and There is No Controlling Precedent

We have found no controlling Virginia precedent to guide our decision. It appears that no Virginia court has yet to interpret either the Act's exemption provision or its indemnity provision.

These questions are determinative of the proceeding before us. If the Act's exemption applies to the work the complaint asserts was being done at the time of the incident, A&N's case is foreclosed. If the exemption does not apply, A&N's case survives.

6

If the exemption does not apply, the federal court would next consider whether the Act requires a finding of liability as a prerequisite for indemnification. If the answer is yes, A&N's claim fails. If the answer is no, A&N may proceed.

Accordingly, both questions are determinative of the proceeding before us.

## IV.

### The Parties and Their Counsel

The Plaintiff-Appellant is A&N Electric Cooperative. Counsel for Plaintiff-Appellant is:

Gibson Sinclair Wright
Virginia State Bar Number 84632
McCandlish Holton, PC
P.O. Box 796, Richmond, VA 23218-0000
804-775-3100
gwright@lawmh.com

The first Defendant-Appellee is Dietzel Enterprises, Inc. Counsel for this Defendant-Appellee are:

David L. Dayton
Virginia State Bar Number 31177
Kalbaugh, Pfund & Messersmith, PC
Suite 1200, 555 East Main Street, Norfolk, VA 23510
757-623-4500
david.dayton@kpmlaw.com

James Leslie Hoyle
Virginia State Bar Number 82238
Kalbaugh, Pfund & Messersmith, PC
Suite 200, 901 Moorefield Park Drive, Richmond, VA 23236-0000
804-320-6300 x306
lee.hoyle@kpmlaw.com

The second Defendant-Appellee is Allstate Tower, Inc. Counsel for this Defendant-Appellee are:

Leanna Catherine Minix
Virginia State Bar Number 92411
Harman Claytor Corrigan & Wellman
P.O. Box 70280, Richmond, VA 23255
804-622-1147
lminix@hccw.com

John Ryan Owen
Virginia State Bar Number 39560
Harman Claytor Corrigan & Wellman
4951 Lake Brook Drive, Glen Allen, VA 23060
804-747-5200
jowen@hccw.com

Julie Smith Palmer
Virginia State Bar Number 65800
Harman Claytor Corrigan & Wellman
Suite 100, 4951 Lake Brook Drive, Glen Allen, VA 23060
804-747-5200
jpalmer@hccw.com

Imani Elizabeth Sowell
Virginia State Bar Number 95982
Harman Claytor Corrigan & Wellman
P. O. Box 70280, Richmond, VA 23255
540-877-6912
isowell@hccw.com

## V.

### Conclusion

Under the privilege made available by the Supreme Court of Virginia Rule 5:40, we respectfully:

(1)    Certify the questions stated in Part II of this Order of Certification to the Supreme Court of Virginia for resolution;

8

(2)    Order the Clerk of this Court to forward to the Supreme Court of Virginia, under the official seal of this Court, a copy of this Order of Certification, together with the original or copies of the record before this Court to the extent requested by the Supreme Court of Virginia; and

(3)    Order that any request for all or part of the record be fulfilled by the Clerk of this Court simply upon notification from the Clerk of the Supreme Court of Virginia.

This order of certification is entered by Judge Berner, with the concurrences of Judge Heytens and Judge Benjamin.

*QUESTION CERTIFIED*

FOR THE COURT

<u>Nicole G. Berner</u>
Circuit Judge

A True Copy, Teste
Nwamaka Anowi, Clerk
BY
Deputy Clerk

9